**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CARL STEVEN FLOYD,<br>          Appellant, | DOCKET NUMBER<br>DC-0752-17-0662-C-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>          Agency. | DATE: February 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carl Steven Floyd</u>, Forestville, Maryland, pro se.

<u>LaDonna L. Griffith-Lesesne</u>, Esquire, Landover, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The agency has filed a petition for review of the compliance initial decision, which granted in part the appellant's petition for enforcement. For the reasons discussed below, we GRANT the agency's petition for review. We AFFIRM the compliance initial decision AS MODIFIED to find that the agency is in full compliance. We also DISMISS the petition for enforcement.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

In a prior appeal, a Board administrative judge ordered the agency to restore the appellant to his Customer Service Supervisor position, effective December 31, 2015, to pay him the appropriate amount of back pay, with interest, and to adjust benefits with appropriate credits and deductions in accordance with the Office of Personnel Management (OPM) regulations. *Floyd v. U.S. Postal Service*, MSPB Docket No. DC-0752-17-0662-I-1, Initial Decision at 2, 18-19 (June 20, 2018). The initial decision became final on July 25, 2018, when neither party petitioned for review. *Id.* at 20.

The appellant filed a petition for enforcement, which the administrative judge granted in part. *Floyd v. U.S. Postal Service*, MSPB Docket No. DC-0752-17-0662-C-1, Compliance File, Tabs 1, 24, Initial Decision (ID) at 4-10. The administrative judge found, among other things, that the agency was in compliance with respect to its calculations of overtime back pay and its decision to reduce the back pay award by the amount the appellant previously received for terminal leave and health insurance premiums withholdings.[2] ID at 4-9. The administrative judge noted that the appellant did not challenge the deduction for basic life insurance premiums; however, she found that the appellant's back pay award should be adjusted to account for "Post Retirement Reduction" life insurance premiums and ordered the agency to reimburse him in the amount of $144.84 per month, with interest, for the period of January 1, 2016, to August 30, 2018. ID at 9-10.

The agency filed a petition for review, to which the appellant did not respond. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the agency asserts, among other things, that if it took the action ordered in the compliance initial decision, the appellant would receive a windfall

---

[2] Neither party challenges the administrative judge's findings in this regard, and we affirm them herein.

in the form of a double reimbursement. PFR File, Tab 1 at 5. The agency explains that it was the responsibility of OPM to issue the appellant a refund of his "Post Retirement No Reduction" life insurance premiums in the amount of $4,634.88, and it was awaiting OPM's action to bring it into compliance with the Board's order. *Id.* In support of its assertion, the agency submits, among other things, a September 4, 2019 letter from OPM, which stated that the appellant will receive a refund of his "Post Retirement No Reduction" life insurance premiums[3] in the amount of $4,634.88—the equivalent of monthly premiums of $144.84 for the period of January 1, 2016, to August 30, 2018—and that interest is not payable on the refund.[4] *Id*. at 9.

Because there existed a question as to whether the appellant had received the refund of his post-retirement life insurance premiums, the Clerk of the Board issued a Show Cause Order, which directed the appellant to indicate whether he received $4,634.88 for the life insurance premiums at issue and whether his claim for these benefits and/or interest remained outstanding. PFR File, Tab 5. The appellant filed a response, to which the agency replied. PFR File, Tabs 9-10. In his response, the appellant states that he received $4,634.88 from OPM on September 12, 2019. PFR File, Tab 9 at 3. He did not indicate that he was still pursuing this claim or seeking interest on this claim. The agency provided documentation from OPM verifying the appellant's receipt of this amount. PFR File, Tab 10 at 7.

Based on the evidence submitted by the parties on review, and the absence of any indication that the appellant is pursuing a claim of interest on the post-retirement life insurance premiums, we find the agency in compliance and

---

[3] Because the administrative judge and OPM utilized the same $144.84 monthly premium amount and same total amount of $4,364.88, we need not resolve the discrepancy between the different characterizations of these premiums.

[4] The Board will consider evidence that constitutes a further explanation of the agency's efforts to comply with its orders. *McDonough v. U.S. Postal Service*, 60 M.S.P.R. 122, 125-26 (1993).

DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[5]

The compliance initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
          *Gina K. Grippando*
          _____
          Gina K. Grippando
          Clerk of the Board

Washington, D.C.